**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4615
_____

UNITED STATES OF AMERICA

v.

KELVIN L. JONES
a/k/a Mike Smith

*Michael A. Orozco,

Appellant

*(Pursuant to Rule 12(a), Fed. R. App. P.)
_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 2-10-cr-00366-001)
District Judge:  Honorable William H. Walls

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 15, 2012
_____

Before:  RENDELL, FUENTES, and CHAGARES, <u>Circuit Judges</u>.

(Filed: November 29, 2012)

_____

OPINION
_____

1

CHAGARES, Circuit Judge.

Michael Orozco appeals the $200 sanction imposed against him by the District Court for his tardiness and his failure to notify the court of a potential conflict with another court appearance. Orozco argues that the sanction was improper because his conduct was not egregious, he did not act in bad faith, and he was not afforded due process by the District Court. Though we recognize the deference we must afford the District Court's decision, we will reverse.

I.

We write solely for the parties and will therefore recount only those facts that are essential to our disposition. In November 2011, attorney Michael Orozco was representing Kelvin Jones, the defendant in a criminal case in the District of New Jersey. The District Court held a restitution hearing in Jones's case that was scheduled for 9:30 a.m., but did not begin until 11:00 a.m. At 11:54 a.m., the court called for a "short recess" that was to last until 12:15 p.m. Appendix ("App.") 128. Orozco had a hearing scheduled in front of a different District Judge at 12:00 p.m. During the recess of the Jones restitution hearing, Orozco attempted to inform the judge presiding over the second hearing that he was delayed in the Jones hearing, but was unsuccessful. Orozco's office received a telephone call from a courtroom deputy informing him he needed to appear for the second hearing, so he proceeded to the other courtroom. Though he attempted to extricate himself from the second hearing, he was not given permission to leave that hearing and was not able to return to the restitution hearing by

2

12:15. Because of the delay in Orozco's return from the recess, the District Judge left the bench and the restitution hearing did not continue until 12:44 p.m.

Later that afternoon, Orozco was held in contempt of court for his tardiness to the restitution hearing and ordered to pay $200. The contempt order was later vacated, but the District Court scheduled a hearing to determine whether Orozco should be sanctioned pursuant to the court's inherent authority. The District Court informed Orozco that he could not call witnesses, and clarified that the hearing would determine whether "the Court should impose a monetary sanction on Mr. Orozco for his failure to appear as directed before this Court at 12:15 p.m. on November 9, 2011 and for his failure to timely notify the Court of a time conflict with another proceeding prior to that time." App. 5-6. After the hearing, the District Court imposed a $200 sanction pursuant to its inherent power.

## II.[1]

In determining whether to reverse a district court's imposition of sanctions under its inherent power, we review for abuse of discretion. Republic of Philippines v. Westinghouse Elec. Corp., 43 F.3d 65, 75 (3d Cir. 1994).

Though the Supreme Court has recognized courts' inherent power to impose sanctions as a means to control litigants, it has also warned that "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). With this admonition in mind, we have set forth

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

some guideposts to direct district courts in the exercise of their inherent power. We have explained that district courts "should be guided by the same considerations that guide [them] in the imposition of sanctions under the Federal Rules." Westinghouse, 43 F.3d at 74. When exercising the power, courts must first explain why the conduct at issue warrants sanction. Id. Then, they must consider the gravity of the wrongdoing, whether there was a pattern of wrongdoing, and whether the wrongdoing "actually prejudices the wrongdoer's opponent or hinders the administration of justice." Id. Also, any mitigating factors that exist must be taken into account. Id. After performing the required evaluation, district courts should consider the permissible sanctions available and "explain why less severe alternatives to the sanction imposed are inadequate or inappropriate." Id.

Though we have not often had occasion to determine whether to uphold a district court's imposition of sanctions, we have several times echoed the cautionary sentiment expressed in Chambers. In Saldana v. Kmart Corp., 260 F.3d 228, 238 (3d Cir. 2001), we reviewed the district court's imposition of sanctions (which included attorneys' fees and costs of the sanctions motion) against an attorney for "four uses of the word 'fuck,' . . . and a post-verdict letter in which [the attorney] concurred with a juror who described an expert witness as a 'Nazi.'" Id. at 237. We clarified that typically a court's inherent power should only be exercised when conduct is egregious, and then concluded that the district court had abused its discretion. Id. at 238; see also Martin v. Brown, 63 F.3d 1252, 1265 (3d Cir. 1995) ("Generally, a court's inherent power should be reserved for

4

those cases in which the conduct of a party or an attorney is egregious and no other basis for sanctions exist.").

Here, Orozco's conduct was irresponsible — he clearly should have informed the District Court of his conflicting hearing, particularly where his appearance at the conflicting hearing created the probability that the restitution hearing would be delayed. However, we do not believe the conduct was so egregious as to warrant the sanction imposed. While Orozco's tardiness may have slightly hindered the administration of justice due to the delay it caused, there was no apparent pattern of wrongdoing or creation of prejudice to other parties. Most importantly, the gravity of his wrongdoing was minimal, especially considering the mitigating factors present here.

Thus, while we give significant weight to district courts' need to "preserve and protect their essential functions," Westinghouse, 43 F.3d at 73, we conclude that the District Court abused its discretion in imposing the $200 sanction.

### III.

In accordance with the foregoing, we will reverse the judgment of the District Court.